UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY DEWAYNE PITTMAN,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, et al.,<br><br>Defendants. | Case No. 21-cv-02372-JCS<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED**<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL**<br><br>Re: Dkt. Nos. 1, 2 |

## I.   INTRODUCTION

Plaintiff Randy Pittman, pro se, has filed a petition for return of property seized pursuant to a warrant issued and executed in Alabama. The Court separately granted Pittman's application to proceed in forma pauperis and now reviews the sufficiency of his petition under 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed below, Pittman is ORDERED TO SHOW CAUSE why this case should not be dismissed, by filing a response to this order no later than May 20, 2021. If Pittman does not respond to this order by that date, the case will be reassigned to a United States district judge with a recommendation that it be dismissed without leave to amend, but without prejudice to Pittman pursuing relief in an appropriate forum.

Pittman's motion for appointment of counsel is DENIED without prejudice to renewing the motion if Pittman can cure the defects identified in this order and the Court determines that the case should proceed.

## II.   ALLEGATIONS OF THE PETITION

Pittman alleges that on December 8, 2020, the U.S. Attorney for the Northern District of California obtained a search warrant for property located in Alabama from the Honorable Herman Johnson, Jr., a magistrate judge of the U.S. District Court for the Northern District of Alabama.

Pet. (dkt. 1) ¶ 2. Agents of the Federal Bureau of Investigation ("FBI") conducted a search on December 15, 2020, and although they did not discover controlled substances, they seized a number of items including laptops, cellular telephones, documents, and baseball cards. *Id.* ¶¶ 3, 16–18, 20. Pittman asserts that he needs some of the material that the FBI seized—including a laptop, documents, media devices, a telephone, and printers—in order to comply with the terms of his federal criminal probation and defend himself in ongoing legal proceedings. *Id.* ¶¶ 15, 19–20, 27–29, 37. Some but not all of the property at issue was listed on a Notice of Seizure and Initiation of Administrative Forfeiture Proceedings that the FBI provided to Pittman. *Id.* ¶¶ 21–22.

### III. ANALYSIS

#### A. Legal Standard for Review Under § 1915

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions" and to "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a

2

pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)).

### B.   Return of Property Under § 983(f)

A claimant may obtain the immediate release of property that is subject to civil forfeiture proceedings (pending a resolution of those proceedings) upon a showing that certain substantive conditions are met and the balance of equities favors allowing the property to remain in custody of the claimant rather than the government pending trial. *See* 18 U.S.C. § 983(f); *United States v. Various Gold, Silver & Coins*, 916 F. Supp. 2d 1182, 1184–85 (D. Or. 2013). Some of the procedural requirements for such a claim are as follows:

> To seek release of property under § 983(f), the claimant "must request possession of the property from the appropriate official" in a demand that sets forth how the five § 983(f)(1) requirements are met. 18 U.S.C. § 983(f)(2) (emphasis added). Only if the property is not released by the appropriate official within fifteen days may the claimant file a petition for return of the property in the district court in which the forfeiture complaint was filed. *Id.* § 983(f)(3)(A). That petition must set forth "the steps the claimant has taken to secure the release of the property from the appropriate official" as well as the basis on which the § 983(f)(1) requirements are met. *Id.* § 983(f)(3)(B).

*Various Gold*, 914 F. Supp. 2d at 1185. The petition must be filed "in the district court in which the complaint has been filed or, if no complaint has been filed, in the district court in which the seizure warrant was issued or in the district court for the district in which the property was seized." 18 U.S.C. § 983(f)(3)(A).

The only other legal authority cited in Pittman's petition, 28 C.F.R. § 8.15, largely parallels the requirements of § 983(f).

### C.   Pittman Has Not Shown Entitlement to Relief

Here, Pittman has not addressed whether he made a request to the appropriate official as required by § 983(f)(2), or filed a claim as instructed in the Notice of Seizure attached to his petition. Pittman's petition includes as an attachment a lengthy "Challenge" stating reasons he believes the FBI should return the property at issue, signed Pittman and other residents of the property that was searched, but Pittman does say whether he sent the "Challenge" to any official

3

1  before filing it with the Court.

2      Even if Pittman previously made a request as required by § 983(f)(2), this Court does not appear to be the correct forum under § 983(f)(3)(A). Pittman has not asserted that the United States filed a complaint for forfeiture of the property at issue in this Court, and the Court is not aware of any such complaint having been filed. If a complaint has been filed in some other district, Pittman must file his petition there. If no complaint has been filed, he must file his petition "in the district court in which the seizure warrant was issued or in the district court for the district in which the property was seized." 18 U.S.C. § 983(f)(3)(A). For this case, that appears to be the U.S. District Court for the Northern District of Alabama.

    Finally, some of the property Pittman seeks returned is not listed in the FBI's Notice of Seizure, and thus does not appear to be the subject of any forfeiture proceedings to which the procedures of § 983(f) and § 8.15 would apply. If Pittman seeks the return of property seized pursuant to a warrant but not subject to forfeiture proceedings, the most appropriate procedure is likely a motion under Rule 41(g) of the Federal Rules of Criminal Procedure, which reads as follows:

> Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). Since this is not the district where Pittman's property was seized, his petition in this Court cannot be saved by construing it as a motion under Rule 41(g).

## IV.  CONCLUSION

    For the reasons discussed above, Pittman is ORDERED TO SHOW CAUSE why this case should not be dismissed as frivolous and for failure to state a claim on which relief may be granted, by filing no later than May 20, 2021 either: (1) an amended petition or complaint; or (2) a response arguing why his current petition is sufficient. Because it is not clear that the case can proceed in this Court, Pittman's motion to appoint counsel is DENIED without prejudice.

4

Any amended petition or complaint must include the caption and civil case number used in this order (21-cv-02373). Because an amended pleading completely replaces the previous pleading, any amendment may not incorporate claims or allegations of Pittman's original petition by reference, but instead must include all of the facts and claims Pittman wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Pittman, who is not represented by counsel, is encouraged to contact the Federal Pro Bono Project's Pro Se Help Desk for assistance as he continues to pursue this case. Lawyers at the Help Desk can provide basic assistance to parties representing themselves but cannot provide legal representation. Although in-person appointments are not currently available due to the COVID-19 public health emergency, Pittman may contact the Help Desk at (415) 782-8982 or FedPro@sfbar.org to schedule a telephonic appointment.

**IT IS SO ORDERED.**

Dated: April 22, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge